# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2022

Lyle W. Cayce
Clerk

No. 21-60497
Summary Calendar

Glenda Vanessa Cruz-Alfaro,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 247 226

Before Higginbotham, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Glenda Vanessa Cruz-Alfaro, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals dismissing her appeal from a decision of the immigration judge concluding

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

that she was ineligible for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Cruz-Alfaro contends, inter alia, that the evidence shows that her membership in two particular social groups (PSGs) comprised of "Salvadoran women" and "Salvadoran women treated as objects by gang members" was at least one central reason for her persecution. An asylum applicant has the burden to establish a nexus between the alleged persecution and one of the five statutory grounds for asylum. 8 U.S.C. § 1158(b)(1)(B)(i); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 349 (5th Cir. 2006).

"Determining a persecutor's actual motive when considering whether an alien is eligible for asylum is a factual finding" that "we review for substantial evidence." *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 384 (5th Cir. 2016) (cleaned up). Under the substantial evidence standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (cleaned up). Cruz-Alfaro has not demonstrated that a reasonable factfinder would be compelled to conclude that a nexus exists between her membership in either of her two proposed PSGs and the persecution that she experienced. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015) (holding that conduct driven by personal or criminal motives does not constitute persecution based on a protected ground); *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004) (same). We do not reach Cruz-Alfaro's remaining arguments concerning asylum because the lack of a nexus between her persecution and her proposed PSGs is dispositive of that claim. *See* § 1158(b)(1)(B)(i); *Tamara-Gomez*, 447 F.3d at 349-50; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Because Cruz-Alfaro fails to show that she is entitled to relief in the form of asylum, she cannot establish entitlement to withholding of removal, which requires a higher burden of proof. *See Dayo v. Holder*, 687 F.3d 653,

658-59 (5th Cir. 2012). We have rejected the argument that a relaxed nexus standard applies to withholding claims. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022).

Finally, Cruz-Alfaro's challenge to the denial of CAT relief fails, as the evidence is insufficient to compel a conclusion that a public official would acquiesce in her torture if she were removed to El Salvador. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228-29 (5th Cir. 2019); *Ramirez-Mejia*, 794 F.3d at 493-94.

The petition for review is DENIED.